UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   15-07812 |
| Robert Pick | ) | |
| | ) | Chapter: 11 |
| | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

# FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

This cause coming on the Motion of Robert Pick ("the Debtor") for an Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection (the "Motion") [Docket No. 9], and the Court being fully advised in the premises;

IT IS HEREBY FOUND THAT:

A. Due notice of the Motion has been given to all parties entitled thereto;

B. This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2), and the Court has jurisdiction over the matters raised in the Motion under 28 U.S.C. 157 and 1334;

C. The relief requested in the Motion is in the best interests of Debtor, its estate, creditors, and other parties in interest;

D. MB Financial Bank ("MB Financial") asserts secured claims against some or all of the Debtor's assets, including the Debtor's cash and accounts receivable;

E. The Debtor assert that only MB Financial has an interest in the Debtor's assets that are entitled to adequate protection; and

F. Good and sufficient cause exists for the granting of the relief requested in the Motion as set forth herein.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted on an final basis as provided herein.  Except as expressly set forth herein, the terms and conditions of this Order (the "Final Cash Collateral Order") shall continue in full force and effect though and including confirmation of a Chapter 11 Plan of Reorganization.  No further hearings to consider the Motion and entry of cash collateral orders will be held.

2. To the extent that MB Financial Bank has valid, perfected, and enforceable security interests, or other interests, in Debtor's cash and/or accounts receivable and other collateral may be reduced to cash (the "Cash Collateral"), the Debtor may use the Cash Collateral to pay those items delineated in the budged (the "Cash Collateral Budget") attached to this Order as Exhibit A, with a variance from actual-to-projected weekly disbursements not to exceed 10%, on a cumulative basis. The Debtor's permission to use the Cash Collateral as provided herein shall be for the period commencing on the date that this

case commenced (the "Petition Date") through and including the effective date of an order confirmation Debtor's plan of reorganization.

3. As adequate protection for any interests of MB Financial in the Cash Collateral, MB Financial is granted replacement liens upon, and security interests in, Debtor's post-petition cash and accounts receivable in the same priority as MB Financial existing, pre-petition liens (to the extent valid), and in no event to exceed the type, kind, priority and amount, if any, of their security interests which existed on the date that the Debtor filed its petition to commenced this case.

4. In the event actual weekly disbursements exceed the Cash Collateral Budget by more than 10% on a cumulative basis, MB Financial may, upon not less than five (5) business days' prior written notice to Debtor's counsel, obtain a hearing on relief from the Automatic Stay provided in Section 362 of the Bankruptcy Coode; except that MB Financial shall not be entitled to such a hearing on this basis if actual disbursements are greater than 10% above the Cash Collateral Budget on a cumulative basis (i) the Debtor provides written notice to MB Financial prior to the making of any such disbursements, and (ii) either (x) MB Financial consents in writing, or (y) MB Financial does not object in writing to such disbursements within twenty-four (24) hours of receipt of such notice. Notice as described in the paragraph shall be made by email to counsel who have appeared in this case.

5. Except as set forth herein, the Debtor and MB Financial reserve their respective rights with regard to MB Financial assertion of secured claims against the Debtor. Nothing in this Interim Cash Collateral Order shall be construed to impair the rights of MB Financial to assert any claims (including claims to have liens against additional collateral) or the rights of the Debtor, any committee appointed in this case, or any other entity to contest the validity, priority, perfection or amount of the Secured Claims.
6. Within five (5) days of entry of this Final Cash Collateral Order, the Debtor shall serve a copy of it by regular mail on (i) the Office of the United States Trustee; (ii) counsel of record for MB Financial if any, (iii) the creditors identified on Debtor's list of twenty (20) largest unsecured creditors; (iv) other known claimants having liens or security interests in property of Debtor or any committee appointed in this Case; (v) the Internal Revenue Service; and (vi) the Illinois Department of Revenue. Such notice is deemed sufficient pursuant to the Bankruptcy Code, the Bankruptcy Rules and Local Rules.

7. This Final Cash Collateral Order is immediately enforceable upon entry.

Enter:

Honorable Pamela S. Hollis
United States Bankruptcy Judge

Dated: May 26, 2015

**Prepared by:**

E. Philip Groben
COHEN & KROL
105 W. Madison St., Ste. 1100
Chicago, IL 60602